UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| NETWORK-1 SECURITY SOLUTIONS, INC., a Delaware corporation,<br><br>*Plaintiff*,<br><br>vs.<br><br>Alcatel-Lucent USA Inc., a Delaware corporation; Alcatel-Lucent Holdings Inc., a Delaware corporation; Allied Telesis, Inc., a Delaware corporation; Avaya Inc., a Delaware corporation; AXIS Communications AB, a Swedish corporation; AXIS Communications, Inc., a Massachusetts corporation; Dell Inc., a Delaware corporation; GarrettCom, Inc., a California corporation; Hewlett-Packard Company, a Delaware corporation; Huawei Technologies Co., Ltd., a People's Republic of China corporation;  Huawei Technologies USA Inc., a Texas corporation; Juniper Networks, Inc., a Delaware corporation; NEC Corporation, a Japanese corporation; NEC Corporation of America, a Delaware corporation; Polycom, Inc., a Delaware corporation; Samsung Electronics Co., Ltd., a South Korean corporation, Samsung Electronics America, Inc., a New York corporation; Samsung Telecommunications America, LLC, a Delaware limited liability company; ShoreTel, Inc., a Delaware corporation; Sony Corporation, a Japanese corporation, Sony Corporation of America, a New York corporation; Sony Electronics Inc., a Delaware corporation;<br><br>*Defendants*. | `6:13CV72`<br>`SEVERED FROM`<br><br>CASE NO.  6:11cv492<br><br>**Amended Complaint for Patent Infringement**<br>**(U.S. Patent Nos. 6,218,930).**<br><br>**JURY DEMANDED** |

## AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Network-1 Security Solutions, Inc. ("Network-1") sues Defendants

Alcatel-Lucent USA Inc., Alcatel-Lucent Holdings Inc., Allied Telesis, Inc., Avaya Inc., AXIS

Communications AB, AXIS Communications, Inc., Dell Inc., GarrettCom, Inc., Hewlett-Packard Company, Huawei Technologies Co., Ltd., Huawei Technologies USA Inc., Juniper Networks, Inc., NEC Corporation, NEC Corporation of America, Polycom, Inc., Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC, ShoreTel, Inc., Sony Corporation, Sony Corporation of America, and Sony Electronics Inc. (collectively, "Defendants") and, on information and belief, alleges as follows:

### Introduction

1.   Plaintiff Network-1 owns the invention described and claimed in United States Patent No. 6,218,930 entitled "*Apparatus And Method For Remotely Powering Access Equipment Over A 10/100 Switched Ethernet Network*" (the "'930 Patent").  Defendants, without Plaintiff's permission,

(a)   have used and continued to use Plaintiff's patented technology in connection with products that they make, use, sell, and offer to sell which distribute or use power transferred through Ethernet cables ("Power over Ethernet" or "PoE"), including Power Sourcing Equipment ("PSEs") and Powered Devices ("PDs") that are compliant with the IEEE 802.3af and 802.3at Standards, and

(b)   have contributed to or induced, and continue to contribute to or induce, others, including Defendants' customers who purchase PoE products from Defendants, to infringe the '930  Patent.

Plaintiff Network-1 seeks damages for patent infringements and an injunction preventing Defendants from making, using, selling, or offering to sell, and from contributing to and inducing others to make, use, sell, or offer to sell, Plaintiff's patented technology without permission.

### Jurisdiction and Venue

2.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271 and 281, *et seq*.  The Court has original jurisdiction over this patent infringement action under 28 U.S.C. §§ 1331 and 1338(a).

3.      Venue is proper in this Court because the Defendants are responsible for acts of infringement occurring in the Eastern District of Texas as alleged in this Complaint, and have delivered or caused to be delivered its infringing products in the Eastern District of Texas.

### Plaintiff Network-1

4.      Plaintiff Network-1 Security Solutions, Inc. is a corporation existing under and by virtue of the laws of the State of Delaware, with its principal place of business in New York, New York.

### The Patent

5.      The United States Patent and Trademark Office issued the '930 Patent on April 17, 2001.  A copy of the '930 Patent is attached as Exhibit A.  Through assignment, Plaintiff is the owner of all right, title, and interest, including rights for damages for past infringements, in the '930 Patent.

### Defendants

#### *Alcatel-Lucent*

6.      Upon information and belief, Alcatel-Lucent USA Inc., is a Delaware corporation, with its principle place of business in Murray Hill, New Jersey.

7.      Upon information and belief, Alcatel-Lucent Holdings Inc., is a Delaware corporation, with its principal place of business in Plano, Texas.  Alcatel-Lucent USA Inc. and

Alcatel-Lucent Holdings Inc. are collectively referred to as "Alcatel-Lucent."

8. Upon information and belief, Alcatel-Lucent's Power over Ethernet products include PSEs and PDs that distribute power or use power transferred through Ethernet cables.

### *Allied Telesis*

9. Upon information and belief, Allied Telesis, Inc. is a Delaware corporation, with its principal place of business in Bothell, Washington ("Allied Telesis").

10. Upon information and belief, Allied Telesis' Power over Ethernet products include PSEs and PDs that distribute power or use power transferred through Ethernet cables.

### *Avaya*

11. Upon information and belief, Avaya Inc. is a Delaware corporation, with its principal place of business in Basking Ridge, New Jersey ("Avaya").

12. Upon information and belief, Avaya's Power over Ethernet products include PSEs and PDs that distribute power or use power transferred through Ethernet cables.

### *AXIS*

13. Upon information and belief, AXIS Communications AB is a Swedish corporation, with its principal place of business in Lund, Sweden.

14. Upon information and belief, AXIS Communications, Inc. is a Massachusetts corporation, with its principal place of business in Chelmsford, Massachusetts. AXIS Communications AB and AXIS Communications, Inc. are collectively referred to as "AXIS Communications."

15. Upon information and belief, AXIS Communications' Power over Ethernet products include PDs that use power transferred through Ethernet cables.

### *Dell*

16.     Upon information and belief, Dell Inc. is a Delaware corporation, with its principal place of business in Round Rock, Texas ("Dell").

17.     Upon information and belief, Dell's Power over Ethernet products include PSEs and PDs that distribute power or use power transferred through Ethernet cables.

### *GarrettCom*

18.     Upon information and belief, GarrettCom, Inc. is a California corporation, with its principal place of business in Fremont, California ("GarrettCom").

19.     Upon information and belief, GarrettCom's Power over Ethernet products include PSEs that distribute power through Ethernet cables.

### *Hewlett-Packard*

20. Upon information and belief, Hewlett-Packard Company is a Delaware corporation, with its principal place of business in Palo Alto, California ("Hewlett-Packard").

21. Upon information and belief, Hewlett-Packard's Power over Ethernet products include PSEs that distribute power through Ethernet cables.

### *Huawei*

22. Upon information and belief, Huawei Technologies Co., Ltd. is a People's Republic of China corporation, with its principle place of business in Shenzhen, China.

23. Upon information and belief, Huawei Technologies USA Inc. is a Texas corporation, with its principle place of business in Plano, Texas.  Huawei Technologies Co., Ltd. and Huawei Technologies USA Inc. are collectively referred to as "Huawei."

24. Huawei's Power over Ethernet products include PSEs and PDs that distribute power or use power transferred through Ethernet cables.

### *Juniper Networks*

25. Upon information and belief, Juniper Networks, Inc. is a Delaware corporation, with its principal place of business in Sunnyvale, California ("Juniper Networks").

26. Upon information and belief, Juniper Network's Power over Ethernet products include PSEs and PDs that distribute power or use power transferred through Ethernet cables.

### *NEC*

27. Upon information and belief, NEC Corporation is a Japanese corporation, with its principle place of business in Tokyo, Japan.

28. Upon information and belief, NEC Corporation of America is a Delaware

corporation, with its principle palace of business in Irving, Texas.  NEC Corporation and NEC Corporation of America are collectively referred to as "NEC."

29. Upon information and belief, NEC's Power over Ethernet products include PSEs and PDs that distribute power or use power transferred through Ethernet cables.

### *Polycom*

30. Upon information and belief, Polycom, Inc. is a Delaware corporation, with its principal place of business in Pleasanton, California ("Polycom").

31. Upon information and belief, Polycom's Power over Ethernet products include PDs that use power transferred through Ethernet cables.

### *Samsung*

32. Upon information and belief, Samsung Electronics Co., Ltd. is a South Korean corporation, with its principal place of business in Seoul, South Korea.

33. Upon information and belief, Samsung Electronics America, Inc. is a New York corporation, with its principal place of business in Ridgefield Park, New Jersey.

34. Upon information and belief, Samsung Telecommunications America, LLC is a Delaware limited liability company, with its principal place of business in Richardson, Texas.  Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC are collectively referred to as "Samsung."

35. Upon information and belief, Samsung's Power over Ethernet products include PSEs and PDs that distribute power or use power transferred through Ethernet cables.

### *ShoreTel*

36. Upon information and belief, ShoreTel, Inc., is a Delaware corporation, with its principle place of business in Sunnyvale, California ("ShoreTel").

37. Upon information and belief, ShoreTel's Power over Ethernet products include PSEs and PDs that distribute power or use power transferred through Ethernet cables.

### ***Sony***

38. Upon information and belief, Sony Corporation is a Japanese corporation, with its principal place of business in Tokyo, Japan.

39. Upon information and belief, Sony Corporation of America is a New York corporation, with its principal place of business in New York, New York.

40. Upon information and belief, Sony Electronics Inc. is a Delaware corporation, with its principal place of business in San Diego, California.  Sony Corporation, Sony Corporation of America, and Sony Electronics Inc. are collectively referred to as "Sony."

41. Upon information and belief, Sony's Power over Ethernet products include PDs that use power transferred through Ethernet cables.

### **First Claim for Patent Infringement ('930 Patent)**

### **Against  Defendants**

42. Plaintiff incorporates by reference each of the allegations in paragraphs 1 - 41 above.

43. On or about April 17, 2001, the '930 Patent, disclosing and claiming an "*Apparatus And Method For Remotely Powering Access Equipment Over A 10/100 Switched Ethernet Network*," was duly and legally issued by the United States Patent and Trademark Office.  The '930 Patent is valid.

44. Plaintiff Network-1 is the owner of the '930 Patent with full rights to pursue recovery of royalties or damages for infringement of such patent, including full rights to recover past and future damages.

8

45.     Defendants have infringed, contributed to the infringement, and induced others to infringe the '930 Patent (*e.g.*, claim 6 of the '930 Patent) and, unless enjoined, will continue to infringe the '930 Patent by manufacturing, using, selling, offering for sale, or by using the apparatus and method(s) claimed in the Patent or by contributing to or inducing others to make, use, sell, or offer to sell, the claimed invention or use the claimed apparatus and method(s) without a license or permission from Plaintiff.

46.     Each Defendant makes, uses, sells, or offers to sell, Power over Ethernet products, including certain products that are compliant with the 802.3af Standard.

47.     Defendants were aware of the '930 Patent and knowingly induced others, including their customers who purchased Defendants' Power over Ethernet products, to practice the methods claimed in the '930 Patent, and possessed a specific intent to encourage such infringement of the '930 Patent.  For example, Defendants' Power over Ethernet products, when connected and operated as intended and instructed and suggested by Defendants' associated manuals, literature, advertising, or other placards and data, infringe the '930 Patent.   In addition, Defendant sell Power over Ethernet parts or components used to infringe the '930 Patent that (a) constitute material parts or components of the inventions claimed in the '930 Patent, (b) are, as Defendants are aware, especially made or adapted for use in a manner that infringes the '930 Patent, and (c) do not have substantial use that does not infringe the '930 Patent.

48.     Plaintiff has been damaged by Defendants' infringement of the '930 Patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless Defendants are enjoined from continuing to infringe the '930 Patent.

### Willfulness Allegations
### Against all Defendants (other than Defendant Hewlett-Packard Company)

49. Upon information and belief, Defendants' acts of infringement (other than with respect to Defendant Hewlett-Packard Company) have been willful. Defendants acts of infringement have been, and continue to be, committed with knowledge of Plaintiff's rights in the '930 Patent, and in willful and wanton disregard of Plaintiff's rights, rendering this an exceptional case under 35 U.S.C. § 285. Defendants knew, or should have known, of the '930 Patent. Despite this knowledge and despite an objective likelihood that their actions constituted infringement of the '930 Patent, Defendants continued to infringe the '930 Patent. This objectively-defined risk has been known or so obvious that it should have been known to Defendants. Defendants disregarded and continue to disregard this objectively high likelihood that their actions constitute infringement of the '930 Patent.

## Jury Demand

50. Plaintiff demands trial by jury of all issues.

## Prayer for Relief

WHEREFORE, Plaintiff prays for judgment as follows:

A. A decree preliminarily and permanently enjoining Defendants, their officers, directors, employees, agents, and all persons in active concert with them, from infringing, and contributing to or inducing others to infringe, the '930 Patent;

B. Compensatory damages awarding Plaintiff damages caused by Defendants' infringement of the '930 Patent;

C. Enhancement of Plaintiff's damages against all Defendants (other than Hewlett-Packard Company) by reason of the nature of Defendants' infringement pursuant to 35 U.S.C. § 284;

D. For costs of suit and attorneys fees;

E. For pre-judgment interest; and

F.  For such other relief as justice requires.

| | |
|---|---|
| Dated:  May 23, 2012 | By: /s/ Sean A. Luner (w/permission TJW, Jr.) |
| | Sean A. Luner |
| | State Bar No. 165443 |
| | Gregory S. Dovel |
| | State Bar No. 135387 |
| | **DOVEL & LUNER, LLP** |
| | 201 Santa Monica Blvd., Suite 600 |
| | Santa Monica, CA 90401 |
| | Telephone: 310-656-7066 |
| | Facsimile: 310-657-7069 |
| | Email: greg@dovellaw.com |
| | sean@dovellaw.com |
| | |
| | T. John Ward, Jr. |
| | State Bar No. 00794818 |
| | Ward & Smith Law Firm |
| | P.O. Box 1231 |
| | Longview, Texas 75606-1231 |
| | (903) 757-6400 (telephone) |
| | (903) 757-2323 (facsimile) |
| | E-mail: jw@wsfirm.com |
| | |
| | *ATTORNEYS FOR PLAINTIFF,* |
| | *NETWORK-1 SECURITY  SOLUTIONS, INC.* |

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this May 23, 2012 with a copy of this document via the Court's CM/ECF System per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ John Ward, Jr.