**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| NETWORK-1 TECHNOLOGIES, INC. | |
| Plaintiff, | Case No. 6:11-cv-492-RWS-KNM |
| vs. | LEAD CASE[1] |
| ALCATEL-LUCENT USA INC., et al., | JURY TRIAL DEMANDED |
| Defendants. | |
| NETWORK-1 TECHNOLOGIES, INC. | |
| Plaintiff, | Case No. 6:13-cv-72-RWS-KNM |
| vs. | MEMBER CASE |
| HEWLETT-PACKARD COMPANY AND HEWLETT PACKARD ENTERPRISE COMPANY, | JURY TRIAL DEMANDED |
| Defendants. | |

**SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Network-1Technologies, Inc. ("Network-1") sues Defendants Hewlett-Packard Company (now known as HP Inc.) and Hewlett Packard Enterprise Company (collectively, "Defendants") and, on information and belief, alleges as follows:

**Introduction**

1. Plaintiff Network-1 owns the invention described and claimed in United States Patent No. 6,218,930 entitled "*Apparatus And Method For Remotely Powering Access*

---

[1] This Second Amended Complaint is only for Member Case 6:13-cv-72-RWS-KNM and does not affect the controlling pleadings in other Member Cases.

1

*Equipment Over A 10/100 Switched Ethernet Network*" (the "'930 Patent"). Defendants, without Plaintiff's permission,

  (a) have used and continue to use Plaintiff's patented technology in connection with products that they make, use, sell, and offer to sell which distribute or use power transferred through Ethernet cables ("Power over Ethernet" or "PoE"), including Power Sourcing Equipment ("PSEs") and Powered Devices ("PDs") that are compliant with the IEEE 802.3af and 802.3at Standards, and

  (b) have contributed to or induced, and continue to contribute to or induce, others, including Defendants' customers who purchase PoE products from Defendants, to infringe the '930 Patent.

Plaintiff Network-1 seeks damages for patent infringements and an injunction preventing Defendants from making, using, selling, or offering to sell, and from contributing to and inducing others to make, use, sell, or offer to sell, Plaintiff's patented technology without permission.

### Jurisdiction and Venue

2. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271 and 281, *et seq*. The Court has original jurisdiction over this patent infringement action under 28 U.S.C. §§ 1331 and 1338(a).

3. Venue is proper in this Court because the Defendants are responsible for acts of infringement occurring in the Eastern District of Texas as alleged in this Complaint, and have delivered or caused to be delivered its infringing products in the Eastern District of Texas.

### Plaintiff Network-1

4. Plaintiff Network-1 Technologies, Inc. is a corporation existing under and by virtue of the laws of the State of Delaware, with its principal place of business in New York, New York.

### The Patent

5. The United States Patent and Trademark Office issued the '930 Patent on April 17, 2001. A copy of the '930 Patent is attached as Exhibit A. Through assignment, Plaintiff is the owner of all right, title, and interest, including rights for damages for past infringements, in the '930 Patent.

### Defendants

#### *Hewlett-Packard*

20. Upon information and belief, Hewlett-Packard Company (now known as HP Inc.) is a Delaware corporation, with its principal place of business in Palo Alto, California.

21. Upon information and belief, Hewlett Packard Enterprise Company is a Delaware corporation, with its principal place of business in Palo Alto, California.

22. Upon information and belief, on November 1, 2015, HP Inc. (formerly known as Hewlett-Packard Company), spun off Hewlett Packard Enterprise Company, pursuant to a separation and distribution agreement. Upon information and belief, to affect the spin-off, HP Inc. distributed all of the shares of Hewlett Packard Enterprise common stock owned by HP Inc. to its shareholders on November 1, 2015. Upon information and belief, holders of HP Inc. common stock received one share of Hewlett Packard Enterprise stock for every share of HP Inc. stock held as of the record date. Upon information and belief, as a result of the spin-off, HPE now operates as an independent, publicly traded company.

23. Upon information and belief, Defendants' Power over Ethernet products include PSEs that distribute power through Ethernet cables. Attached as *Appendix A*, and incorporated herein, is a chart identifying where elements of asserted claims of the '930 Patent are found Defendants' PoE products.

### First Claim for Patent Infringement ('930 Patent) Against Defendants

24. Plaintiff incorporates by reference each of the allegations in paragraphs 1 - 23 above.

25. On or about April 17, 2001, the '930 Patent, disclosing and claiming an "*Apparatus And Method For Remotely Powering Access Equipment Over A 10/100 Switched Ethernet Network*," was duly and legally issued by the United States Patent and Trademark Office. The '930 Patent is valid.

26. Plaintiff Network-1 is the owner of the '930 Patent with full rights to pursue recovery of royalties or damages for infringement of such patent, including full rights to recover past and future damages.

27. Defendants have infringed, contributed to the infringement, and induced others to infringe the '930 Patent (*e.g.*, claim 6 of the '930 Patent) and, unless enjoined, will continue to infringe the '930 Patent by manufacturing, using, selling, offering for sale, or by using the apparatus and method(s) claimed in the Patent or by contributing to or inducing others to make, use, sell, or offer to sell, the claimed invention or use the claimed apparatus and method(s) without a license or permission from Plaintiff.

28. Each Defendant makes, uses, sells, or offers to sell, Power over Ethernet products, including certain products that are compliant with the 802.3af Standard.

29. Defendants were aware of the '930 Patent at least as early as August, 2008 when Network-1 sent a letter to HP identifying the '930 Patent: "Please find enclosed for your review a copy of a press release, issued by Network-1 on June 28, 2008, announcing the introduction of its Special Licensing Program for U.S. Patent No. 6,218,930 entitled, 'Apparatus and Method for Remotely Powering Access Equipment Over a 10/100 Switched Ethernet Network' (the "'930 Patent')." The '930 Patent was also identified in the original Complaint in this action, filed on September 15, 2011. Defendants knowingly induced others, including their customers who purchased Defendants' Power over Ethernet products, to practice the methods claimed in the '930 Patent, and possessed a specific intent to encourage such infringement of the '930 Patent. For example, Defendants' Power over Ethernet products, when connected and operated as intended, instructed, and suggested by Defendants' associated manuals, literature, advertising, or other placards and data, infringe the '930 Patent. In addition, Defendants sell Power over Ethernet parts or components used to infringe the '930 Patent that (a) constitute material parts or components

4

of the inventions claimed in the '930 Patent, (b) are, as Defendants are aware, especially made or adapted for use in a manner that infringes the '930 Patent, and (c) do not have substantial use that does not infringe the '930 Patent.

30. Plaintiff has been damaged by Defendants' infringement of the '930 Patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless Defendants are enjoined from continuing to infringe the '930 Patent.

## **Jury Demand**

31. Plaintiff demands trial by jury of all issues.

## **Prayer for Relief**

WHEREFORE, Plaintiff prays for judgment as follows:

A. A decree preliminarily and permanently enjoining Defendants, their officers, directors, employees, agents, and all persons in active concert with them, from infringing, and contributing to or inducing others to infringe, the '930 Patent;

B. Compensatory damages awarding Plaintiff damages caused by Defendants' infringement of the '930 Patent;

C. For costs of suit and attorneys fees;

D. For pre-judgment interest; and

E. For such other relief as justice requires.

Dated: July 7, 2016                             Respectfully submitted,

By: /s/ Sean A. Luner by permission Andrea L. Fair
Sean A. Luner
State Bar No. 165443
Gregory S. Dovel
State Bar No. 135387
Dovel & Luner, LLP

201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone: 310-656-7066
Facsimile: 310-657-7069
Email: sean@dovellaw.com
Email: greg@dovellaw.com

T. John Ward, Jr.
State Bar No. 00794818
Wesley Hill
State Bar No. 24032294
Claire Henry
State Bar No. 24053063
Andrea Fair
State Bar No. 24078488
WARD, SMITH & HILL, PLLC
PO Box 1231
Longview, Texas 75606
Telephone: (903) 757-6400
Facsimile: (903) 757-2323
Email: jw@wsfirm.com
Email: wh@wsfirm.com
Email: claire@wsfirm.com
Email: andrea@wsfirm.com

**ATTORNEYS FOR PLAINTIFF,
NETWORK-1 TECHNOLOGIES, INC.**

### Certificate of Service

I hereby certify that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all parties not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 7th day of July, 2016.

/s/ *Andrea Fair*