**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| NETWORK-1 TECHNOLOGIES, INC.<br><br>Plaintiff,<br><br>vs.<br><br>HEWLETT-PACKARD COMPANY AND HEWLETT PACKARD ENTERPRISE COMPANY<br><br>Defendants. | CASE NO. 6:13-cv-072-RWS<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' BENCH BRIEF REGARDING PRECLUDING
ANY REFERENCE TO A PRESUMPTION OF VALIDITY**

Defendants Hewlett Packard Company and Hewlett Packard Enterprise Company (collectively, "HP" or "Defendants") submit this Bench Brief to address an issue that will arise in Opening Statements and the post-evidence jury instructions regarding Network-1's request to instruct the jury on a presumption of validity. In view of the case authority discussed below ― and in particular the recent decision in *Tinnus Enterprises v. Telebrands* ― the Court should revisit HP's Motion *in Limine* No. 984 to preclude reference to a presumption of validity during the trial and also decline to instruct the jury regarding a presumption of validity for the '930 patent.

**AUTHORITY IN SUPPORT OF PRECLUDING ANY REFERENCE TO THE "PRESUMPTION OF VALIDITY"**

    **A.    Courts in This District Have Precluded the Use of the Phrase "Presumption of Validity" by the Parties During Trial**

Courts in this District have now twice relied on a Federal Circuit decision to preclude the parties from using the term "presumption of validity" at trial. This approach tracks the parties' respective burdens of proof and avoids juror confusion.

        **1.    *Erfindergemeinschaft UroPep GBR v. Eli Lilly & Co.*, Case No. 2:15-cv-1202-WCB, 2017 WL 959592 at \*6 (E.D. Tex. March 13, 2017)**

Sitting by designation over a trial in this District, Judge Bryson recently acknowledged that while there is competing authority as to whether to allow the use of the phrase "presumption of validity" at trial, it is "clear from the case law" that "prohibiting the use of that phrase is not error." *Erfindergemeinschaft UroPep GBR v. Eli Lilly & Co.*, Case No. 2:15-cv-1202-WCB, 2017 WL 959592 at \*6 (E.D. Tex. March 13, 2017) (hereinafter "*Eli Lilly*") (citing *Chiron Corp. v. Genentech, Inc.*, 363 F.3d 1247, 1258-59 (Fed. Cir. 2004)).

In *Eli Lilly*, defendants filed a Motion *in Limine* to preclude the plaintiff from referring to a "presumption of validity" at trial. Defendants argued that the phrase "presumption of validity"

is potentially confusing to the jury and should not be used at trial. *Id*. In particular, Defendants maintained that its burden of proving invalidity by clear and convincing evidence is sufficient for purposes of instructing the jury as to its task of determining whether the claims were invalid and it was unnecessary to bolster the decision of USPTO to issue the claims with evidence or argument regarding a "presumption of validity."

The district court agreed with Defendants and determined that the use of the phrase "presumption of validity" would add little to the jury's understanding of the burden of proof on the validity issues. In relevant part:

> Moreover, the phrase might be confusing to the jury, to the extent that the jury is required to consider both that phrase and the Court's instructions on the burden of proof. At minimum, the use of the term 'presumption' would require a further definitional instruction by the Court, without leading to any greater insight on the jury's part as to the nature of the burden of proof on the validity issues.

*Eli Lilly*, 2017 WL 959592 at *6. Consequently, the court excluded the use of the phrase "presumption of validity" at trial and addressed the burden of proof in its instructions to the jury.

    **2.**    ***Tinnus Enterprises, LLC Zuru Ltd. v. Telebrands Corp., Bulbhead.com LLC*, Case No. 6:16-cv-00033-RWS, (E.D. Tex. October 26, 2017)**

Judge Bryson's reasoning in *Eli Lilly* has since been adopted by another Court within this District. Citing to the *Eli Lilly* decision, Judge Love recently granted defendants' motion *in limine* precluding reference to the use of the phrase "presumption of validity" or "presumed valid" to the patents-in-suit. *Tinnus Enterprises, LLC*, Case No. 6:16-cv-00033-RWS. (Dkt. 477). Given that this Court will preside over the *Tinnus Enterprises v. Telebrands* trial, the Court should be consistent in how juries are instructed on the same issue from one patent trial to the next.

### B. The Federal Circuit Affirms District Court Decisions Not to Instruct the Jury on the Presumption of Validity

#### 3. *Chiron Corp. v. Genentech, Inc.*, 363 F.3d 1247, 1258–59 (Fed. Cir. 2004)

In *Chiron Corp. v. Genetech, Inc.*, Chiron argued that the district court erred by instructing the jury on Genetech's burden of proof without including an instruction on the presumption of the patent-in-suit's validity. The Federal Circuit disagreed, explaining that "the presumption of validity and heightened burden of proving invalidity are static and in reality different expressions of the same thing—a single hurdle to be cleared." *Chiron Corp. v. Genentech, Inc.*, 363 F.3d 1247, 1258 (Fed. Cir. 2004) (internal citations omitted). The Court explained, "[T]he presumption is one of law, not fact, and does not constitute 'evidence' to be weighed against the challenger's evidence." *Id.* at 1258-59 (citing *Avia Group Int'l Inc. v. L.A. Gear Cal., Inc.,* 853 F.2d 1557, 1562 (Fed. Cir. 1988)). The Court held that the district court did not err in declining to include a jury instruction on the presumption of validity because the jury applied the correct "clear and convincing evidence" standard.

### CONCLUSION

For the reasons stated herein and in view of the persuasive authority on this issue, the Court should sustain HP's objection to Network 1's intention to argue and instruct the jury that the '930 Patent is entitled to a presumption or heightened presumption of validity.

November 5, 2017                    Respectfully submitted,

/s/ Jennifer H. Doan
Jennifer H. Doan
Texas Bar No. 08809050
Joshua R. Thane
Texas Bar No. 24060713
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone: (903) 255-1000
Facsimile: (903) 255-0800
Email: jdoan@haltomdoan.com
Email: jthane@haltomdoan.com

David H. Dolkas
CA Bar No. 111080
Jodi Benassi
CA Bar No. 309048
McDermott Will & Emery LLP
275 Middlefield Road, Suite 100
Menlo Park, CA 94025
Telephone: (650) 815-7415
Facsimile: (650) 815-7401
Email: ddolkas@mwe.com
Email: jbenassi@mwe.com

Natalie A. Bennett
McDermott Will & Emery LLP
500 North Capitol Street, N.W.
Washington, D.C.  20001
(202) 758-8000
Email:  nbennett@mwe.com

Hersh H. Mehta
IL Bar No. 6306586
McDermott Will & Emery LLP
444 West Lake Street
Chicago, IL 60606-0029
Telephone: (312) 372-2000
Facsimile: (312) 984-7700
hmehta@mwe.com

Mark E. Ferguson
IL Bar No. 6185448
Mark S. Ouweleen
IL Bar No. 6231188
Faye E. Paul
IL Bar No. 6306719
Bartlit Beck Herman Palenchar & Scott LLP
54 W. Hubbard Street, Ste. 300
Chicago, IL 60654
Telephone: (312) 494-4400
Facsimile: (312) 494-4440
Email: mark.ferguson@bbhps.com
Email: mark.ouweleen@bbhps.com
Email: faye.paul@bbhps.com

**ATTORNEYS FOR DEFENDANTS HEWLETT-PACKARD COMPANY AND HEWLETT PACKARD ENTERPRISE COMPANY**

## CERTIFICATE OF SERVICE

The undersigned certifies all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 5th day of November, 2017.

*/s/ Jennifer H. Doan*
Jennifer H. Doan