IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| NETWORK-1 TECHNOLOGIES, INC. | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 6:13-CV-00072-RWS |
| | § | |
| v. | § | |
| | § | |
| HEWLETT-PACKARD COMPANY, | § | |
| HEWLETT-PACKARD ENTERPRISE | § | |
| COMPANY, | § | |
| | § | |
| Defendants. | | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The above-entitled and numbered civil action was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636. Before the Court are Plaintiff Network-1 Technologies, Inc.'s ("Plaintiff" or "Network-1") objections to the Report and Recommendation of the United States Magistrate Judge (Docket No. 1081 in Case No. 6:11-cv-492)[1] regarding Defendants' Motion for Summary Judgment of Invalidity Under 35 U.S.C. § 305. Having reviewed the written objections *de novo*, Plaintiff's objections are **OVERRULED**. The Magistrate Judge's Report and Recommendation ("Report," Docket No. 1035) is accordingly **ADOPTED**.

Plaintiff objects to the Report's finding that "the 'low level current' element of claim 6 was impermissibly broadened in claim 21." Docket No. 1081 at 2. Plaintiff argues that the Court should have used Network-1's proposed construction of "low level current" in determining whether claim 21 is broader than claim 6. *Id.*

---

[1] All references to the docket refer to Case No. 6:11-cv-492 unless otherwise specified.

The Court previously construed "low level current" of claim 6 to mean "a non-data signal current that is sufficient to being start up of the access device but that is not sufficient to sustain the start up." Doc. No. 693 at 12. With that construction, "the Court imposed both an upper bound (the current level cannot be sufficient to sustain start up) … and a lower bound (the current level must be sufficient to begin startup)." Docket No. 1035 at 5. However, Network-1's proposed claim construction for "low level current" is "a current at a level that is sufficiently low that, by itself, it will not operate the access device," which only requires an upper bound. Docket No. 596 at 16–19.

Plaintiff argues that under its proposed claim construction, claim 21 is not improperly broadened because no lower bound is required and thus the upper bound in claims 6 and 21 cover the same scope. Docket No. 1081 at 2. However, Plaintiff recognizes that "the Court (both the Magistrate Judge and District Judge) must apply that construction in addressing this motion, unless that construction were to be reversed" and seeks to preserve this issue for appeal. *Id.* The Court has already reviewed the Magistrate Judge's claim construction, considered the parties' arguments in the underlying briefing, and overruled the objections thereto. Docket No. 860.

As the remainder of the Plaintiff's brief consists of the arguments that Network-1 made in addressing the underlying motion, s*ee* Docket No. 871, which the Court has already reviewed *de novo*, Plaintiff's objections are overruled for the same reasons set forth in the Report.

For the reasons set forth above, the Court **OVERRULES** Plaintiff's objections regarding claim broadening of claim 21. The Court therefore **ADOPTS** the findings and conclusions of the Magistrate Judge as those of the Court. In light of the foregoing, it is

**ORDERED** that Defendants' Motion for Summary Judgment of Invalidity Under 35 U.S.C. § 305 as to claim 21 of the '930 Patent, Docket No. 609, is **GRANTED**.

**SIGNED this 7th day of November, 2017.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE