**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| NETWORK-1 TECHNOLOGIES, INC. | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 6:13-CV-00072-RWS |
| | § | |
| v. | § | |
| | § | |
| HEWLETT-PACKARD COMPANY, | § | |
| HEWLETT-PACKARD ENTERPRISE | § | |
| COMPANY, | § | |
| | § | |
| Defendants. | | |

## ORDER OVERRULING OBJECTIONS TO THE ORDER OF UNITED STATES MAGISTRATE JUDGE

Before the Court is the Magistrate Judge's Order Denying HP's Motion to Exclude Certain Opinions and Testimony of Dr. James Knox (Docket No. 962).[1] Defendants Hewlett-Packard Company and Hewlett-Packard Enterprise Company ("HP") filed objections to the Order (Docket No. 988), and Plaintiff Network-1 Technologies, Inc. ("Network-1") filed a response.  The Court reviews objected-to portions of the Magistrate Judge's order for clear error. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).[2]

Defendants object to the Magistrate Judge's Order on three bases: (1) that the Magistrate Judge incorrectly found that Dr. Knox could overcome a *Daubert* challenge without performing an apportionment analysis; (2) that the Magistrate Judge improperly found that Dr. Knox was not required to account for the value attributable to standardization; and (3) that the Order did not account for Defendants' argument that Dr. Knox failed to apportion aspects of the claims that already existed in the prior art.  Docket No. 988 at 2–3.

---

[1] All references to the docket refer to Case No. 6:11-cv-492 unless otherwise specified.
[2] HP's objections state that HP objects to the Order pursuant to Fed. R. Civ. P. 72(b), but, as this matter is non-dispositive, the Court will review the Order for clear error as provided in Fed. R. Civ. P. 72(a).

## I.    HP's objection to the Knox Order's finding that Knox provided sufficient analysis to overcome a *Daubert* Challenge

HP objects to the Magistrate Judge's finding that "Dr. Knox has provided sufficient analysis to overcome Defendants' *Daubert* challenge." Docket No. 988 at 1.  HP contends that Knox's discussion of the five main functions of PoE, as outlined by the IEEE Standards, and chart comparing the characteristics of claim 6 of the '930 patent with PoE functionality do not constitute apportionment analysis.  *Id.* at 2.

Knox's discussion of the functionalities of PoE and chart comparing the characteristics of claim 6 with PoE functionality apportion the benefits of the patented invention in the context of PoE functionality rather than in the context of all Ethernet technology. Docket No. 855-3 at 436–61.  The Magistrate Judge did not commit clear error by concluding that Knox did apportion his analysis sufficient to withstand a *Daubert* challenge.  Defendants' arguments are more relevant to the weight the jury may give Dr. Knox's apportionment analysis rather than its admissibility. Accordingly, Defendants' objection is **OVERRULED**.

## II.    HP's objection that Dr. Knox failed to account for the value attributable to standardization

HP's second objection to the Magistrate Judge's Order focuses on the Magistrate Judge's finding that Knox did not have to account for the value attributable to standardization:

> *Ericsson* did not provide an economic/technical distinction to apportionment, and the facts here show why such a distinction is misplaced. Neither of Network-1's experts did an apportionment analysis. Instead, as discussed above, Network-1's damages expert, Robert Mills, simply relied upon Dr. Knox's baseless opinion that at least 50% of the benefit of PoE functionality is attributable to the '930 Patent – resulting in a skewed royalty rate analysis.

Docket No. 988 at 3.   However, Defendants' arguments relating to Mills's apportionment analysis are not relevant to whether Dr. Knox's apportionment analysis can withstand a *Daubert*

challenge. *See Id.* at 11 n. 5.  Mills's apportionment analysis has been fully addressed by the Court.[3]  Docket No. 1051.

HP points to no authority requiring a technical expert to quantify the benefits from standardization in an economic apportionment analysis.  In the absence of legal authority supporting HP's position, the Court finds that the Magistrate Judge did not commit clear error.  Accordingly, this objection is **OVERRULED**.

### III.   HP's objection that the Order did not account for Defendants' argument that Dr. Knox failed to apportion aspects of the claims that already existed in the prior art

Defendants object to the Knox Order claiming that it did not address the argument that Knox failed to apportion aspects of claim that existed in prior art.  Docket No. 988 at 3.  However, this assertion is false.  Contrary to HP's argument, the Order considers HP's prior art argument.  Docket No. 962 at 12–13.  Regardless, Dr. Knox's purports to accounts for the benefits of PoE functionality attributable to the patent-in-suit, not the non-PoE functionality of an Ethernet network.  Docket No. 855-3 at 454 ("I have analyzed the technical importance of the patented '930 technology, relative to the entire benefit of PoE functionality, as provided in Defendants' Accused Devices").  To the extent HP is concerned that Dr. Knox's methodology should ascribe additional value to claim elements in the prior art, HP can attack his methodology in cross examination.  HP's objection is **OVERRULED**.

### IV.   CONCLUSION

For the above reasons, each of HP's objections to the Magistrate Judge's Order are **OVERRULED**.

---

[3] The Court found that Mills did indeed apportion his reasonably royalty calculation: "Mills used market data *and* Knox's technical analysis to apportion the '930 Patent." Docket No. 1051 at 10 (emphasis added).

**SIGNED this 7th day of November, 2017.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE