# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| NETWORK-1 TECHNOLOGIES, INC.<br><br>*Plaintiff*,<br><br>vs.<br><br>HEWLETT-PACKARD COMPANY AND HEWLETT PACKARD ENTERPRISE COMPANY<br><br>*Defendants*. | CASE NO. 6:13-cv-072-RWS<br><br>**JURY TRIAL DEMANDED** |

**Network-1's bench brief on HP's "PowerDsine proposal" theory**

Yesterday, to prevent additional Red Alert emails from coming into evidence, HP represented that it would present only a limited version of its "PowerDsine proposal" theory in closing argument. If HP's closing matches this representation, Network-1 does not request any further relief at this time (e.g., any narrowing instruction). [1]

During Mr. Dwelley's testimony on Thursday, HP elicited a new theory to support its noninfringement position. Mr. Dwelley testified that it was not the adopted standard that infringed the '930 patent. Rather, the '930 patent was used in a PowerDsine proposal that was rejected early in the standard-setting process. As a result, the IEEE task force was not concerned that the adopted standard infringed the '930 patent. *See* 11'10'17 Afternoon Transcript p. 3.

To rebut this theory, Network-1 moved to introduce additional Red Alert emails, concretely demonstrating that the IEEE was in fact extremely concerned that the adopted standard infringed the '930 patent. The Court ruled that, "[i]f this is not something that's going to be argued in closing, I'm going to deny the motion." 11'10'17 Afternoon Transcript p. 5.

Later that afternoon, HP clarified what it intended to argue in closing. HP stated that it would not argue that, because of the PowerDsine proposal, the IEEE task force was not concerned about the '930 patent:

```
MR. FERGUSON: ... I've been told by at least
two people that what I said about what we are and aren't
going to argue, was unclear to them, so I thought I better
write it down and read it and so that everybody knows what
I intended.
THE COURT: Okay.
MR. FERGUSON: And so what I -- I meant we do not
plan to argue is the following: That the IEEE or Mr.
Dwelley were not concerned with the '930 patent because of
the PowerDsine proposal and the fact that it was not
presented to the IEEE. And that's what I understood Mr.
Jacobson to be referring to as well.
```

---

[1] If HP's closing does not match this representation, we may need to seek further relief.

1

11'10'17 Afternoon Transcript p. 113

HP stated that it would argue that there was a PowerDsine proposal related to the '930 patent and that this proposal was rejected:

```
MR. JACOBSON: Mr. Ferguson, do you intend to argue
that there was this PowerDsine method that related to the
'930 patent and that was rejected?
MR. FERGUSON: I don't think we should be precluded
from using that evidence. I don't know how we might use it,
but I don't think we should be precluded from that
evidence. That was adduced by Mr. Dovel.
MR. JACOBSON: Your Honor, this is exactly what I
was concerned about and why the red alert e-mail should be
in evidence.
```

11'10'17 Afternoon Transcript p. 113

After hearing this exchange, the Court stated: "my concern about it, Mr. Ferguson, is I do – I don't want to prejudice his rights to ask for some narrowing of the argument that you originally told me you were not going to make and now suggesting, perhaps, you're going to make some form of that argument."  11'10'17 Afternoon Transcript p. 116.  Network-1 then represented to the Court, based on HP's representation, that it would "drop this issue." 11'10'17 Afternoon Transcript p. 117.

Accordingly, if HP's closing matches its representation, we do not intend to seek further relief.  However, if HP's closing goes beyond the narrow argument it told the Court it would present, we may need to renew our request for relief.

Date: November 11, 2017                                    Respectfully submitted,

                                                           By: /s/ *Jonas Jacobson*
                                                           Jonas Jacobson
                                                           CA State Bar No. 269912
                                                           Christin Cho
                                                           CA State Bar No. 238173
                                                           Gregory S. Dovel

2

3

CA State Bar No. 135387
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone:  310-656-7066
Email:  jonas@dovel.com
Email:  christin@dovel.com
Email:  greg@dovel.com

T. John Ward, Jr.
State Bar No. 00794818
Claire Henry
State Bar No. 24053063
Andrea Fair
State Bar No. 24078488
WARD, SMITH & HILL, PLLC
1127 Judson Road, Suite 220
Longview, Texas 75601 Telephone: (903) 757-6400 Facsimile: (903) 757-2323 Email: jw@wsfirm.com
Email:  claire@wsfirm.com
Email:  andrea@wsfirm.com

ATTORNEYS FOR PLAINTIFF,
NETWORK-1 TECHNOLOGIES,
INC.

**Certificate of Service**

I certify that this document is being filed electronically and, as a result, is being served on counsel of record through the Electronic Filing System on the filing date listed above.

/s/ *Jonas Jacobson*