**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| NETWORK-1 TECHNOLOGIES, INC.<br><br>                    Plaintiff,<br><br>vs.<br><br>HEWLETT-PACKARD COMPANY AND<br>HEWLETT PACKARD ENTERPRISE<br>COMPANY<br><br>                    Defendants. | CASE NO. 6:13-cv-072-RWS<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' BENCH BRIEF REGARDING DISPUTED ISSUES IN PROPOSED**
**JURY INSTRUCTIONS AND DESIGNATION OF RELEVANT CASE AUTHORITY**

Defendants Hewlett Packard Company and Hewlett Packard Enterprise Company (collectively, "HP" or "Defendants") submit this Bench Brief to address remaining disputes in the proposed jury instructions that are of particular importance to HP.   HP renews requests made at the conference on November 9, 2017 for the Court to adopt its proposed instructions for disputed issues.   HP also renews its objections to the proposals set forth by Network-1 for the remaining disputed issues.   All discussion and references herein track the most recent version of the parties' Joint Amended Final Instructions as submitted via email and filed on November 11, 2017.

**Section 7.2      Patent Infringement Damages – Reasonable Royalty (Details Surrounding the Hypothetical Negotiation)**

Network-1 confirmed this morning that it continues to object to the inclusion of the following sentence "In determining a reasonable royalty, you should consider all the facts known and available to the parties *at the time the alleged infringement began*."   As well as "Here, the willing patent owner is Merlot Communications and the willing prospective licensee is HP.[1]   The parties agree that the time of the hypothetical negotiation would be November 2003."   Given the way the testimony on damages went into this case, it would misleading and erroneous not to identify for the jury the proper circumstances surrounding the hypothetical negotiation.   Mr. Mills conceded the appropriate details of the hypothetical negotiation during cross examination. The only explanation for Network-1's unwillingness to include this information is that they do not want the jury to know that the law requires them to go back in time in assessing a reasonable royalty and they do not want the jury to know that the law requires consideration of only the patent owner and the accused infringer (as opposed to a future patent owner).   The Court should

---

[1] HP agrees to remove the parenthetical identifying HP as "the predecessor company to defendant HPE."

reject this effort to prevent the jury from fully understanding what is required under the law on this issue.  The relevant legal propositions are set forth below.

When determining the amount of royalty required to adequately compensate the plaintiff, the court must consider the "supposed result of hypothetical negotiations between the plaintiff and defendant." *Rite–Hite Corp. v. Kelley Co*., 56 F.3d 1538, 1544 (Fed. Cir. 1995) (en banc) (citing *Hanson v. Alpine Valley Ski Area, Inc*., 718 F.2d 1075, 1078 (Fed. Cir. 1983)).  An after-the-fact assessment is improper.  *Riles v. Shell Exploration & Prod. Co*., 298 F.3d 1302, 1313 (Fed. Cir. 2002) ("A reasonable royalty determination for purposes of making a damages evaluation must relate to the time infringement occurred, and not be an after-the-fact assessment.").  "The hypothetical negotiation requires the court to envision the terms of a licensing agreement reached as the result of a supposed meeting *between the patentee and the infringer at the time infringement began*," *id*., which is the date of *first use or manufacture*. *Brunswick Corp. v. United States*, 36 Fed. Cl. 204, 210 (1996), *aff'd*, 152 F.3d 946 (Fed. Cir. 1998) (emphasis added); *see also LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 75 (Fed. Cir. 2012) (identifying appropriate date and framework for the hypothetical negotiation); *Powell v. Home Depot U.S.A., Inc.*, 663 F.3d 1221, 1238 (Fed. Cir. 2011) (explaining that the facts of the case support a hypothetical negotiation that occurred between the patentee and the infringer "at the time the infringement began") (internal citations omitted).

In view of this authority, Network-1 should not be permitted to evade an instruction explaining for the jury the details of the hypothetical negotiation.  HP's proposals on this topic should be adopted.

**Section 6.2        Corroboration**

For the corroboration instruction, the Court should look to Judge Davis's instruction in *Eolas Techs. Inc. v. Adobe Sys. Inc.*, No. 6:09-cv-0446-LED, (E.D. Tex. Mar. 14, 2012) (Dkt. No. 1379 at 36:22-38:24) (highlighted version attached as Exhibit A).   Network-1's proposed instruction unnecessarily focuses on whether oral testimony of one witness can be corroborated by another witness.  This issue was *the central point of dispute* in the *CEATS* litigation from which Network-1 pulled this proposed instruction.  McDermott Will & Emery was trial counsel in that case and the reason the additional language was added to those post-evidence instructions was to assist the jury in understanding when one witness could or could not corroborate the testimony of another witness with respect to what existed in the prior art.

That same issue is not present here.  In this case, corroboration is established by an instruction that is already agreed to: "Documentary or physical evidence that is made contemporaneously with the inventive process provides the most reliable proof that the testimony has been corroborated."   According to this agreed instruction, the jury can find Dr. Fisher's testimony sufficiently corroborated and the dispute surrounding this instruction collapses into a dispute regarding words that are not relevant to the evidence in this case.

The issue, as identified in Network-1's oral motion under Rule 50(a), is that Network-1 contends that the Fisher system is not corroborated.  But under Federal Circuit precedent, this argument is misplaced because the physical Fisher system with the copyright date of 1996 that was in the courtroom and is now in evidence sufficiently corroborates Dr. Fisher's testimony regarding his invention of this system.  Indeed, allowing the jury to examine the Fisher system

and see photographs of the system as it existed in 1996 constitutes appropriate corroboration.[2] *Finnigan Corp. v. Int'l Trade Com'n*, 180 F.3d 1354, 1366-67 (Fed. Cir. 1999) ("Mere testimony concerning invalidating activities is received with further skepticism because such activities are normally documented by tangible evidence such as devices, schematics, or other materials that typically accompany the inventive process."); *Woodland Trust v. Flowertree Nursery, Inc*., 148 F.3d 1368, 1373 (Fed. Cir. 1998) (noting that the skepticism with which mere testimony of invalidating activity is received is "reinforced, in modern times, by the ubiquitous paper trail of virtually all commercial activity.  It is rare indeed that some physical record (*e.g*., a written document such as notes, letters, invoices, notebooks, or a sketch or drawing or photograph showing the device, a model, or some other contemporaneous record) does not exist."); *see also Ohio Willow Wood Co. v. Alps South*, LLC, 735 F.3d 1333, 1348 (Fed. Cir. 2013).

In view of the Federal Circuit case law surrounding corroboration, this particular dispute is much ado about nothing.  The Court should adopt the instruction given to the jury in *Eolas v. Adobe* because it is shorter, more succinct, and better conforms to the issues relevant to this case.

**Section 8        Breach of Contract**

Network-1's proposal (for the post-evidence jury instructions and Verdict Form) incorrectly identifies the elements required for breach of contract.  Network-1 maintains that in order to find a breach, the jury must assess whether "HP fulfilled any conditions or performance

---

[2] Moreover, "[c]orroboration does not require that every detail of the testimony be independently and conclusively supported by explicit disclosures in the pre-critical date documents or physical exhibits. *Ohio Willow Wood Co. v. Alps South*, LLC, 735 F.3d 1333, 1348 (Fed. Cir. 2013) (citing *Lazare Kaplan Int'l, Inc. v. Photoscribe Techs., Inc*., 628 F.3d 1359, 1374 (Fed. Cir. 2010); *Juicy Whip, Inc. v. Orange Bang, Inc*., 292 F.3d 728, 741 (Fed. Cir. 2002) (the standard of proof required to corroborate testimony related to prior public use is not "beyond a reasonable doubt")).  Under a "rule of reason" approach, we view the totality of the evidence pertinent to the testimony, including circumstantial evidence, in order to ascertain whether the testimonial assertions are credible.  *See In re Jolley*, 308 F.3d 1317, 1325 (Fed. Cir. 2002) (quoting *Cooper v. Goldfarb*, 154 F.3d 1321, 1327 (Fed. Cir. 1998)). ("[c]orroboration may be established by 'sufficient circumstantial evidence of an independent nature'")).

**DEFENDANTS' BENCH BRIEF REGARDING DISPUTED ISSUES IN PROPOSED JURY INSTRUCTIONS AND DESIGNATION OF RELEVANT CASE AUTHORITY** – Page 4

required of HP under the contract" and whether "Network-1 failed to perform its obligations under the contract."  This proposed instruction would erroneously require *HP to perform* under a contract that is between *Merlot Communications (now Network-1) and the IEEE*.  Simply put, HP is not party to this contract and has no "conditions" or required performance.  This agreement is about whether Network-1 lived up to its end of the bargain, not HP.  HP brings the action as a third party beneficiary by way of its membership in the IEEE.  Other than being a member in good standing within the IEEE, HP has no separate obligations to Network-1 under the 2003 Letter of Assurance.

Network-1 intends to tell the jury during Closing Statements that HP had some form of obligation as an IEEE member to seek a license from Network-1.  This is legally erroneous and Network-1 should be precluded from making this Argument.  The Court should be vigilant in evaluating both the post-evidence jury instructions and the Verdict Form to ensure that HP is not mistakenly listed as a party to the 2003 Letter of Assurance; it is instead a third party beneficiary.

## Sections 5.2 and 5.2 (Indirect Infringement by Active Induced Infringement and Contributory Infringement).

HP re-urges that the Court simply adopt the Federal Circuit model jury instructions for these related issues.   These instructions are neutral and were prepared following the Supreme Court's decision in *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754 (2011) – the seminal decision as to what constitutes or does not constitute indirect infringement.  As previously discussed with the Court, HP objects to Network-1's request that the Court unnecessarily repeat what must be shown to demonstrate HP had knowledge of the '930 or to demonstrate that HP was "willfully blind" to the alleged high probability of infringement of its customers (or some other third party).  Where, as here, there is an appropriate pattern instruction, there is no reason to deviate from established law in order to bolster Network-1's ability to make prejudicial

arguments as Closing based on the Court's repetition of certain elements under 35 U.S.C. § 271
(b) & (c).

Moreover, HP objects to the inclusion of "HP's knowledge can be shown by
circumstantial evidence."  This instruction is unnecessary.  If the Court is inclined to give some
form of this instruction, HP submits that it would be more appropriate to include the full
statement appearing in Federal Circuit decisions, including the clarification that "mere
knowledge of possible infringement" is insufficient to demonstrate the requisite intent: "The
requisite intent for inducing patent infringement can be shown by circumstantial evidence, *but
the mere knowledge of possible infringement will not suffice*."  *Vita-Mix Corp. v. Basic Holding,
Inc*., 581 F.3d 1317, 1328 (Fed. Cir. 2009) (emphasis added) (citing *DSU Med. Corp. v. JMS
Co*., 471 F.3d 1293, 1304, 1305-6 (Fed. Cir. 2006) (en banc in relevant part)).  Relatedly, HP
requests the inclusion of the instruction of stating that "Negligence or even recklessness as to the
possibility of infringement [on the other hand] is insufficient to meet the intent requirement of
inducement."  This proposition draws directly from *Global Tech*.  563 U.S. at 769 (explaining
that willful blindness is limited in scope and "surpasses recklessness and negligence").

Respectfully submitted,

*/s/ Natalie A. Bennett*
Jennifer H. Doan
Texas Bar No. 08809050
Joshua R. Thane
Texas Bar No. 24060713
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone: (903) 255-1000
Facsimile: (903) 255-0800
Email: jdoan@haltomdoan.com
Email: jthane@haltomdoan.com

David H. Dolkas
CA Bar No. 111080
Jodi Benassi
CA Bar No. 309048
McDermott Will & Emery LLP
275 Middlefield Road, Suite 100
Menlo Park, CA 94025
Telephone: (650) 815-7415
Facsimile: (650) 815-7401
Email: ddolkas@mwe.com
Email: jbenassi@mwe.com

Natalie A. Bennett
McDermott Will & Emery LLP
500 North Capitol Street, N.W.
Washington, D.C.  20001
(202) 758-8000
Email:  nbennett@mwe.com

Hersh H. Mehta
IL Bar No. 6306586
McDermott Will & Emery LLP
444 West Lake Street
Chicago, IL 60606-0029
Telephone: (312) 372-2000
Facsimile: (312) 984-7700
hmehta@mwe.com

Mark E. Ferguson
IL Bar No. 6185448
Mark S. Ouweleen
IL Bar No. 6231188
Faye E. Paul
IL Bar No. 6306719
Bartlit Beck Herman Palenchar & Scott LLP
54 W. Hubbard Street, Ste. 300
Chicago, IL 60654
Telephone: (312) 494-4400
Facsimile: (312) 494-4440
Email: mark.ferguson@bbhps.com
Email: mark.ouweleen@bbhps.com
Email: faye.paul@bbhps.com

**ATTORNEYS FOR DEFENDANTS
HEWLETT-PACKARD COMPANY
AND HEWLETT PACKARD
ENTERPRISE COMPANY**

## CERTIFICATE OF SERVICE

The undersigned certifies all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 11th day of November, 2017.

*/s/ Natalie A. Bennett*
Natalie A. Bennett